## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| Shannon Benedetti, | : |
| | : |
| Plaintiff, | : Civil Action No.: 1:16-cv-2083 |
| v. | : |
| | : |
| Charter Communications, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT AND** |
| | : **DEMAND FOR JURY TRIAL** |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Shannon Benedetti, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.      The Plaintiff, Shannon Benedetti ("Plaintiff"), is an adult individual residing in Indianapolis, Indiana, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant Charter Communications, Inc. ("Charter"), is a Missouri business entity with an address of 12405 Powerscourt Drive, Saint Louis, Missouri 63131, and is a "person" as defined by 47 U.S.C. § 153(39).

1

5.      Does 1-10 (the "Agents") are individual employees and/or agents employed by Charter and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.      Charter at all times acted by and through one or more of the Agents.

## FACTS

7.      Beginning in or around the month of December, 2013, Charter contacted Plaintiff on Plaintiff's cellular phone, number 562-xxx-3924, in an attempt to reach Plaintiff's former employer "Jeffery Craig".

8.      During all times mentioned herein, Charter placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and by using an artificial or prerecorded voice.

9.      When Plaintiff answered the calls she heard a prerecorded voice which instructed Plaintiff to press "1" if she was Jeffery Craig, or to hang up if not. If Plaintiff pressed "1", she would be connected to a live representative.

10.      Plaintiff's cellular phone number had been previously given to Charter as an authorized user on Mr. Craig's account, in the event that Plaintiff experienced issues with Charter's cable or internet services during her employment under Mr. Craig. However, Mr. Craig gave Charter explicit instructions to never call Plaintiff's number for any reason.

11.       Without Plaintiff's consent, Charter placed over seventy-five calls to Plaintiff using a prerecorded voice.

12.      Furthermore, on several occasions Plaintiff pressed "1" after receiving a call from Charter in order to be connected to a live representative. During each conversation, Plaintiff explained that she was not Mr. Craig and that he could not be reached at her cellular phone number. Plaintiff ended each conversation by requesting that the calls to her cellular phone

2

cease.

13.     Charter continued to harass Plaintiff with repeated calls. On March 9, 2015, Charter placed nine calls to Plaintiff's cellular phone. The calls caused Plaintiff significant inconvenience and frustration.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

14.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and by using a prerecorded or artificial voice.

16.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

17.     Defendants' telephone systems have some earmarks of a Predictive Dialer.

18.     Often times when Plaintiff answered the phone, she was met with a prerecorded

voice before Defendants' telephone system would connect her to the next available representative.

19.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20.     Plaintiff never provided her consent to Defendants to be contacted on her cellular phone.

21.     Without prior consent Defendants contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

22.     Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that they lacked consent to call her number in light of her requests for the calls to cease. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

23.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.   Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2.   Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3.   Such other and further relief as may be just and proper.

**JURY TRIAL DEMANDED ON ALL COUNTS**

Dated: August 2, 2016

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq., #15052-49
The Cueller Law Office
Inland Building
156 E. Market Street, Suite 600
Indianapolis, IN 46204
Telephone (317) 225-4588
Facsimile: (317) 245-0204

Of Counsel to:
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff