UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| SHANNON BENEDETTI, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | Cause No. 1:16-CV-2083 RLM-DLP |
| CHARTER COMMUNICATIONS, INC., | ) | |
| Defendant | ) | |

OPINION and ORDER

Shannon Benedetti's amended complaint alleges that Charter Communications, Inc. violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by calling her cell phone without her consent using an automatic telephone dialing system or a prerecorded voice. Charter moved for summary judgment. [Doc. No. 45]. For the following reasons, the court denies Charter's motion.

Viewing the facts as favorably as reasonably possible to Ms. Benedetti and drawing all reasonable inferences in her favor, a jury could find the facts to be these: When Ms. Benedetti worked as a live-in nanny for a Mr. Craig, who bought cable and internet service from Charter Communications. The service was spotty, so Ms. Benedetti often called Charter about outages, only to learn that since she wasn't on the account, she couldn't work with Charter to troubleshoot the problems. Troubleshooting had to wait from Mr. Craig to come home. Mr. Craig told Ms. Benedetti that he called Charter to authorize Charter's help desk

personnel to work with Ms. Benedetti on troubleshooting, and gave Charter her cellphone number as part of the process.

Eventually, Mr. Craig either fell behind on or stopped his payments to Charter. Ms. Benedetti began receiving telephone calls in which what seemed to her to be a prerecorded voice said the calls were about Mr. Craig's debt to Charter. As directed by the voice, Ms. Benedetti would press "1" to speak to a person, and explain that while the phone number was hers, the account was Mr. Craig's, and calls should be directed to him. The calls to Ms. Benedetti continued, on some days as many as dozen calls. Ms. Benedetti isn't sure how many calls she got, but she estimates between as least 75 and at most 1,000.

With little more than that, Ms. Benedetti hopes to proceed to trial on her claim against Charter for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227. With no evidence of its own in this record, Charter says her evidence wouldn't allow her to prevail at trial, and seeks summary judgment.

As relevant here, the TCPA prohibits any person from making a call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service" absent the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii); Blow v. Bijora, Inc., 855 F.3d 793, 798 (7th Cir. 2017). As the party opposing the summary judgment motion, and who would have the burden of proof at trial, Ms. Benedetti can't rest on the allegations her the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N,A., 662 F.3d 963, 966 (7th

Cir. 2011). Because the question at the summary judgment stage is whether a trial is needed at all, the court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Charter bears no summary judgment burden beyond telling the court of the basis for its motion, and pointing to evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Charter argues that Ms. Benedetti can't prove (a) that Charter made the calls in question or (b) that any calls were made using an automatic telephone dialing system or a prerecorded voice, and still can't recover because (c) she consented to receiving calls from Charter.

A jury drawing all reasonable inferences in Ms. Bendetti's favor could find that Charter was responsible for the calls. Charter is right that the caller's statement that the call was being made on Charter's behalf is, without more, hearsay when offered for the truth of the matter asserted. But authentication is a different matter. Ms. Benedetti can use distinctive characteristics to prove the calls were made on behalf of Charter, Fed. R. Evid. 901(b)(4), such as the self-identification, calls from a number associated with Charter, and the subject matter of the calls. Evidence presented at trial is likely to differ in some respects, but on this record, the authentication evidence is sufficient to allow the jury to find that these calls were placed by or on behalf of Charter.

Charter is correct that Ms. Benedetti doesn't have evidence to show that any of the calls was made by using an automatic telephone dialing system. But

the summary judgment evidence would allow a reasonable jury to find that Charter used a prerecorded voice on the calls. Ms. Benedetti's opinion testimony on that point doesn't rely on what was said by a prerecorded voice; it's based on her familiarity with the calls.

Charter claims entitlement to summary judgment because Ms. Benedetti consented to the calls. A call that would otherwise violate the TCPA is lawful if the recipient provides express consent, but consent "is an affirmative defense on which the defendant bears the burden of proof." Blow v. Bijora, Inc., 855 F.3d at 803. The calls in question must be "reasonably related to the purpose for which she provided her cell phone number." Id. at 804. Charter argues that Ms. Benedetti consented to calls because she agreed to have her number on the account to address issues with the account. Ms. Benedetti argues that she only told Charter, via Mr. Craig, that she wanted to be permitted to speak to Charter regarding troubleshooting issues and didn't authorize the release of her cell phone number, much less authorize Charter to call her regarding debt collection.

Ms. Benedetti testified as to what she asked Mr. Craig to do and what Mr. Craig told her he had done, but the summary judgment record contains nothing regarding what Mr. Craig actually said to Charter about the use to which Ms. Benedetti's name and cell phone number might be put. This is an affirmative defense on which Charter bears the burden of proof at trial, so Charter must point to evidence that would allow the jury to find, by a preponderance of the evidence, that Ms. Benedetti authorized the use of her number for calls relating to late or missing payments, as well as for "troubleshooting," which is the extent

of Ms. Benedetti's testimony. Charter isn't entitled to judgment as a matter of law on its consent defense.

A jury that believes Ms. Benedetti's testimony and draws all reasonable inferences in her favor could find for her on her TCPA claim. Charter is right that no jury could find that it used automatic dialing, but that it only one method of proving a TCPA claim, as opposed to a separate claim. That issue in better addressed through the pretrial order than through partial summary judgment.

Based on the foregoing, the court DENIES the defendant's motion for summary judgment [Doc. No. 45].

SO ORDERED.

ENTERED:  June 13, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Electronically distributed to all
registered counsel of record via ECF.